**Lillian Margueritta CRISP, Petitioner,**

v.

**McBRIDE BONE AND JOINT HOSPITAL, The Travelers Insurance Company, and the State Industrial Commission, Respondents.**

No. 37307.

Supreme Court of Oklahoma.

May 21, 1957.

Rehearing Denied Oct. 29, 1957.

Cargill, Cargill & Chiaf, Oklahoma City, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On November 25, 1955, Lillian Margueritta Crisp, petitioner herein, filed a claim for compensation against her employer McBride Bone and Joint Hospital and its insurance carrier, Travelers Insurance Company, respondents herein, in which she states that on July 6th and 17th, 1955, while in the employ of McBride Bone and Joint Hospital she sustained accidental injuries consisting of injuries to her back; that such injuries were caused by lifting patients in the hospital into their beds; that as a result of such injuries she sustained some permanent disability to her person.

The trial judge found that petitioner while in the employ of respondent, McBride Bone and Joint Hospital on the 6th and 17th day of July, 1955, sustained accidental injuries consisting of injuries to her back;

that as a result of such injuries she is at this time and has been since July 28, 1955, temporarily totally disabled; that her average monthly wages were sufficient to fix her compensation rate at $24.62 per week; that she has been temporarily totally disabled from the date of her injury to June 11, 1956, for which she is entitled to the sum of $590.88, and is entitled to continuing temporary total compensation payments at the rate of $24.62 per week not to exceed 300 weeks or until further order of the Commission; and further found that petitioner is entitled to have paid by respondents her medical and hospital bills theretofore incurred and entered an award in favor of petitioner accordingly.

The Commission en banc on appeal, with all the judges concurring, vacated the award and found that petitioner did not sustain an accidental injury and has no disability as the result of any such injury. On this finding the Commission en banc entered an order denying compensation.

Petitioner brings the case here for review and contends that there is medical evidence upon which the trial judge could base an award that claimant sustained a personal injury to her back arising out of and in the course of her employment and the Commission en banc therefore erred in vacating the award. While it is true there is sufficient evidence in the record to sustain the order made by the trial judge there is also evidence to the contrary which respondents contend is sufficient to sustain the finding of the Commission en banc and the order based thereon denying compensation.

Petitioner's testimony is that her back injury resulted from lifting patients in the hospital on July 6th and 17th, 1955. She offered no medical testimony. Two of respondent's doctors submitted reports of their medical examinations and their conclusion that petitioner did not sustain an injury and had no organic injury. While it is true that the medical evidence is conflicting and in some respects indefinite and uncertain we cannot say that there is no competent evidence reasonably tending to sustain

the finding of the Commission en banc. Findings of fact made by the State Industrial Commission are conclusive and binding upon this court, where there is any competent evidence reasonably tending to support such findings. Merrill v. State Industrial Commission, Okl., 290 P.2d 1095.

Order sustained.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

CORN, V. C. J., dissents.